UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KYLE F. JOHNSON,

    Petitioner,

vs.

MAGGIE MILLER-STOUT,

    Respondent.

NO. CV-08-332-CI

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION AS UNTIMELY

Before the Court, without oral argument, is Petitioner's Objection to Report and Recommendation to Dismiss Petition as Untimely. (Ct. Rec. 4.)  Petitioner's assertion that the federal limitations period should have begun to run only after the State Supreme Court denied review of the appeal he filed in 2005 has already been addressed.

Again, petitioners whose convictions and sentences became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) had until April 24, 1997, one year from the AEDPA's effective date, to file a petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Because *Blakely v. Washington*, 542 U.S. 296 (2004) does not apply retroactively to cases on section 2254 habeas review, *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005), the delay

ORDER -- 1

provision of 28 U.S.C. § 2244(d)(1)(C) cannot apply to Petitioner's circumstances.

Consequently, the limitations period for filing his federal habeas petition was not delayed and expired on April 24, 1997. Furthermore, "[s]ection 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot *revive a time period that has already expired.*" *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (citations omitted). Section 2244(d)(2)'s tolling provision cannot help Petitioner in this case because the statute of limitations had already expired more than seven (7) years before he filed his post-conviction petition and appeal in State Court.

Petitioner has not shown either a statutory or equitable basis for tolling the period of limitations. Therefore, for the reasons set forth above, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 3) is **ADOPTED in its entirety**. The Petition is **DISMISSED** as untimely under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.

**DATED** this ____12th____ day of December 2008.

 S/ Edward F. Shea
 EDWARD F. SHEA
 UNITED STATES DISTRICT JUDGE

Q:\Civil\2008\332.DA.OrderAccept.RR.wpd

ORDER -- 2